IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN AMESER )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>NORDSTROM, INC. )<br>    Defendant. ) | Civil Action No. 3:09cv0395G |

## MEMORANUM IN SUPPORT OF DEFENDANT NORDSTROM, INC.'S MOTION FOR LEAVE TO FILE RESPONSE TO PLAINTIFF'S MOTION TO VACATE ARBITRATION AWARD

COMES NOW, Nordstrom, Inc., (hereinafter "Nordstrom"), Defendant in the foregoing matter and respectfully requests leave to file Defendant Nordstrom, Inc.'s Response to Plaintiff's Motion to Vacate Arbitration Award.

## I.
## INTRODUCTION

On February 2, 2009, Plaintiff filed a Motion to Vacate Arbitration Award (hereinafter "Plaintiff's Motion to Vacate") in the 134th Judicial District Court of Dallas County, Texas. As the Motion to Vacate alleged manifest disregard of Federal law on the part of the arbitrator, on March 3, 2009, Nordstrom removed the action to this Court pursuant 29 U.S.C. § 1331. On March 16, 2009 Plaintiff filed a Request for Entry of Default against Nordstrom (hereinafter "Plaintiff's Request"). Nordstrom is filing its Motion for Leave to File and Memorandum in support immediately after learning of Plaintiff's Request and respectfully asks the Court to deny Plaintiff's Request and consider its Response to Plaintiff's Motion to Vacate Arbitration Award, attached hereto as **N-App 0001 – N-App 0053**.

This case has already been litigated in its entirety before a competent arbitrator. Nordstrom's counsel diligently and successfully represented Nordstrom throughout the proceedings and sincerely believed they were in compliance with the orders of this Court. To the extent that a deadline has now been missed, counsel apologizes. However, Nordstrom should not now be forced to re-litigate a matter in which an arbitrator has entered a final judgment because of what can only be described as a "gotcha" tactic by Plaintiff.

## II.
## SUMMARY OF ARGUMENT

Nordstrom has already appeared in this matter and has indicated it intends to defend this matter. Default would thus be improper. Moreover, Nordstrom is entitled to three-days notice before the entry of a default. Indeed, out of an abundance of caution, Nordstrom files concurrently with this Motion for Leave its Response to Plaintiff's Motion to Vacate within three days of Plaintiff's Request for Default. Default judgment is a drastic remedy, not intended for the type of simple and inconsequential mistake made by Nordstrom's counsel. Further, there is good cause for the setting aside of Plaintiff's Request for Default because: (1) setting aside the Request will not prejudice Plaintiff; (2) Nordstrom has a meritorious defense; and (3) the failure to respond was not willful.

## III.
## ARGUMENT AND AUTHORITIES

**A.    Nordstrom's Appearance Would Render an Entry of Default by the Clerk Improper Because Nordstrom is Entitled to Three-Days Notice.**

Because Nordstrom has appeared in this action by virtue of its removal, an entry of default would be improper. Further, Nordstrom is entitled to three-days notice before entry of default. When a defendant has made an appearance in a matter, it is entitled to three-days notice before the entry of default. *Rogers v. Hartford Life & Acc. Ins. Co.,* 167 F.3d 933, 966 (5th Cir.

1999). Further, when the appearance requirement has been met, the *district court* must enter the judgment, not the clerk, as requested by Plaintiff here. *Id*. The Fifth Circuit takes an expansive view of what constitutes an appearance. *Id.* To qualify as an appearance, the defendant's actions only need to give the plaintiff a clear indication that the defendant intends to pursue a defense. *Id.* "Appearance" is defined broadly to include even a variety of informal acts on defendant's part which are responsive to plaintiff's formal action in court. *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). While a defendant is not required to file formal documents in the record to have appeared, *Id.*, Nordstrom did just that when they filed their Notice of Removal. As such, entry of default by the clerk would be improper and Nordstrom is entitled to three-days notice. It should be noted that this improper request to have the clerk enter a default without providing Nordstrom with the appropriate notice is indicative of the type of "gotcha" tactics employed by a plaintiff seeking relief on an unmeritorious underlying motion.

**B.      The *Drastic* Remedy of Default Judgment is Wholly Inappropriate.**

The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver. *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n.,* 874 F.2d 274, 276 (5th Cir. 1989) Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations. *Id.* Default is available only when the adversary process has been halted because of an essentially unresponsive party. *Id.* Given this baseline, a default judgment in the current matter, where Nordstrom has mistakenly missed a deadline by *six days* after having already responded to Plaintiff's pleading, is wholly inappropriate.

**C.     There is Good Cause to Set Aside Plaintiff's Request for Entry of Default.**

The court may grant a motion to set aside entry of default upon a showing of good cause. FED R. CIV. P 55(c); *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992). In deciding whether to set aside a default, the court considers such factors as whether the default was the result of excusable neglect, whether setting aside the default would prejudice the adversary, and whether a meritorious defense is presented. *See CJC Holdings, Inc. v. Wright & Lato, Inc.,* 979 F.2d 60, 64 (5th Cir.1992). The Court may also consider whether the party's failure to appear was not willful, but was grounded in confusion or sincere misunderstanding. *Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511 (5th Cir. 1985); *see also U.S. v. One Parcel of Real Corp.*, 763 F.2d 181, 183 (5th Cir. 1985). The court may consider other factors, but whatever factors are used, they must be regarded simply as a means of identifying circumstances that warrant the finding of "good cause" to set aside a default. *See In Re Dierschke*, 975 F.2d 181(5th Cir. 1992).

There is good cause to set aside the default in this case for the following reasons:

**1.     Setting Aside the Entry of Default Will Not Prejudice Plaintiff.**

Courts may refuse to vacate a default judgment where doing so would prejudice the plaintiff. However, mere delay or requiring a plaintiff to litigate the merits of the claim is not sufficient. *U.S. v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985); *see also Hibernia Nat'l Bank v. Administration Central*, 776 F.2d 1277, 1280 (5th Cir. 1985) (holding "the mere possibility of prejudice from delay, which is inherent in every case, is insufficient.") In this matter, Plaintiff will suffer no prejudice whatsoever from the setting aside of his Request for entry of default. In fact, Plaintiff has already completely submitted the entirety of his evidence and argument in this matter. While a motion to vacate an arbitration award is considered an initial pleading for the purposes of removal, it is in most respects more similar to

an ordinary motion. Unlike the filing of most lawsuits, in this case there are no considerations of lost evidence or discovery issues that must be considered. The Parties have already fully litigated this matter, including a two day arbitration hearing. As such, the evidence is not susceptible to change or spoliation. Thus, there is no conceivable argument by which Plaintiff can assert that a delay of six days will prejudice his claim.

### 2. Nordstrom Has a Meritorious Defense.

Nordstrom's defenses are fully laid out in its Response to Motion to Vacate Arbitration Award attached hereto **N-App 0001 – N-App 0017**. The requirement of a meritorious defense is intended only to ensure that the court's order vacating the judgment is not an exercise in futility. *Owens-Illinois, Inc v. T & N Ltd.*, 191 F.R.D. 522, 526 (E.D. Tex. 2000).

Plaintiff filed this Request on an unmeritorious Motion to Vacate Arbitration Award that asserts, among other things, that the award should be vacated because the arbitrator refused to be "sworn in" at the behest of Plaintiff's counsel. *See* Plaintiff's Motion to Vacate, pg. 9 [**Doc 1-5**]. As evidenced by the exhibit attached hereto in Nordstrom's Response, the arbitrator had *already taken an oath* (See **N-App 0049 – N-App 0051** and Appendix to Plaintiff's Motion to Vacate, App. 00180 [**Doc 1-9**]) and was understandably insulted at Plaintiff's counsel's intonation that she should undergo a second "swearing in" for counsel's peace of mind.

The crux of Plaintiff's motion alleges that the arbitrator "manifestly disregarded" federal law (See Plaintiff's Motion to Vacate, pg. 26 [**Doc 1-5**]), which is no longer a valid grounds for vacatur in the 5th Circuit after the Court's recent decision in *Citigroup Global Markets Inc. v. Bacon*. --- F.3d ----, 2009 WL 542780, (Mar. 5, 2009). Plaintiff's Request also references a so-called study, which theorizes that all arbitrations in employment disputes are inherently biased against plaintiffs and subject to vacatur, regardless of the outcome (See Plaintiff's Motion to

Vacate, pg. 43 [**Doc 1-5**]) (excepting, presumably, arbitrations that result in a finding for the plaintiff). Nonetheless, Plaintiff has asserted no valid grounds, statutory or otherwise, for vacatur of the arbitration award.

### 3. Nordstrom's Failure to Appear Was Not Willful

To the extent Nordstrom's counsel missed the deadline to respond to Plaintiff's Motion to Vacate pursuant to FED.R.CIV.P. 81(c)(2), it was merely the result of a mistake, resulting from sincere misunderstanding of the Court's orders; thus default is an inappropriate remedy. *See Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 514 (5th Cir. 1985). As noted, Nordstrom removed this case on March 3, 2009, and was under the admittedly mistaken impression the deadline to file a response would be twenty (20) days from the date of removal. Nordstrom's counsel took the affirmative step of calling the court to consult the Clerk regarding the filing deadlines. Counsel now realizes he should have consulted the applicable Federal Rule 81(c)(2), which is applicable to further pleadings in removed action. Nordstrom's counsel merely points this out to show their diligence and the existence of a genuine mistake, certainly not in an attempt to finger-point or pass on responsibility.

### IV.
### CONCLUSION

The arbitration judgment that preceded Plaintiff's Motion to Vacate and subsequent Request for Default was the result of hundreds of hours of diligent litigation on the part of Nordstrom. Following an unfavorable finding for Plaintiff, he filed an unmeritorious Motion to Vacate, and now files this Request for Default for the precise reason specifically prohibited by federal case law -- the termination of litigation through procedural maneuver. Likely, it is determinative that: (1) Nordstrom has already appeared in this matter; (2) Plaintiff improperly requested the clerk, rather than the court, enter default judgment; (3) Nordstrom was not

provided with three days notice; and (4) Nordstrom now files its response within three days of the Request. However, even in the event Nordstrom must make a further showing, Plaintiff's Request for Default is a wholly inappropriate remedy for Nordstrom's inconsequential and accidental mistake. Further, Nordstrom has shown there is good cause for setting aside Plaintiff's Request for Default because: (1) setting aside the Request will not prejudice Plaintiff; (2) Nordstrom has a meritorious defense; and (3) the failure to respond was not willful.

WHEREFORE, premises considered, Defendant Nordstrom, Inc. asks that Plaintiff's Request for Entry of Default be set aside and the Court grant leave to consider Nordstrom's Response to Plaintiff's Motion to Vacate Arbitration Award.

Respectfully submitted,

**GIBSON, McCLURE,
  WALLACE & DANIELS, L.L.P.**

By:      /s/ Jay M. Wallace
Jay M. Wallace
State Bar No. 20769200
Michael L. Baum
State Bar No. 24006815
8080 N. Central Expressway
Suite 1300, L.B. 50
Dallas, Texas 75206-1838
Tel: 214/891-8040
Fax: 214/891-8019
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on **March 18, 2009**, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, Dallas Division using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

W. D. Masterson
Theodore C. Anderson
John H. Crouch, IV
KILGORE & KILGORE, PLLC
3109 Carlisle, Suite 200
Dallas, Texas 75204

                                                   /s/ Jay M. Wallace
                                                 Jay M. Wallace

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN AMESER<br>　　Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No. 3:09cv0395G<br>) |
| NORDSTROM, INC.<br>　　Defendant. | )<br>)<br>) |

## VERIFICATION

STATE OF TEXAS　　§
　　　　　　　　　　§
COUNTY OF DALLAS　§

On this day, Travis M. Brown appeared before me, the undersigned notary public. After I administered an oath to him, upon his oath, he said that he has read Defendant Nordstrom, Inc.'s Memorandum in Support of its Motion for Leave to File Response to Plaintiff's Motion to Vacate Arbitration Award and that the facts stated in it, specifically those facts contained in Paragraph III.C.3 of Defendant's Memorandum, are within his personal knowledge and are true and correct.

_____
Travis M. Brown

SWORN TO and SUBSCRIBED before me by Travis M. Brown on this 18 day of March, 2009.

_____
Notary Public in and for the State of Texas

My commission expires 

KATE I. CAMPBELL
MY COMMISSION EXPIRES
November 14, 2009