## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **JOHN AMESER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO.** |
| | § | |
| **NORDSTROM, INC.,** | § | **3:09-CV-0395-G** |
| | § | |
| **Defendant.** | § | **ECF** |

### PLAINTIFF'S RESPONSE TO MOTION FOR LEAVE
### TO FILE RESPONSE TO MOTION TO VACATE AND BRIEF IN SUPPORT

NOW COMES John Ameser, Plaintiff in the above-referenced action, and files this his Response to Defendant Nordstrom, Inc.'s Motion for Leave to File Response to Plaintiff's Motion to Vacate  Arbitration Award, and in support thereof would show the Court as follows:

I.

### Background

Defendant acknowledges in its Motion that it deliberately invoked the Federal Rules of Civil Procedure by removing this action to Federal Court on or about March 3, 2009.  Nordstrom further acknowledges that since it had not filed an answer to Plaintiff's Motion to Vacate in the state court proceeding, that Rule 81(c)(2)(C) provided the appropriate deadline for it to file its Response to Plaintiff's Motion to Vacate.  Defendant concedes no such Response was timely filed, and seeks leave of Court to file its Motion.

**Plaintiff's Response to Motion for Leave to File**
**Response to Motion to Vacate and Brief in Support**                                    **Page  1**
102520.1

II.

## **Entry of Default**

Noting that Defendant had failed to timely file its Response for nearly a week after the deadline, Plaintiff notified the Court Clerk of this deficiency by seeking entry of a default under Rule 55(a).  Entry of default is normally a ministerial act by the Court Clerk when an answer is not timely filed.  Since entry of default does not result in a default judgment until application is made to the Court for monetary relief under Rule 55(b)(2), the three-day notice provision of Rule 55(b)(2) is not applicable to Plaintiff's Rule 55(a) Request for Entry of Default.  In any event, the Court Clerk has deferred action on the Request for Entry of Default to the District Court.  Even in the absence of an Entry of Default by the Clerk, Plaintiff's action in bringing this matter to the Court's attention, as well as Defendant's attention since notice was properly served under the Federal Rules of Civil Procedure, is appropriate.

III.

## **Leave Should Be Denied**

Leave should be denied, because Nordstrom has failed to meet its burden of showing "excusable neglect."  Since neither an entry of default or default judgment has been entered by the Court, and since the time period for responding to the Motion to Vacate has expired, the question before the Court is covered by Rule 6(b)(1)(B).  This rule provides that after the time period for a specified action has expired, the party must file a Motion demonstrating it failed to act "because of excusable neglect."  F.R.C.P. 6(b)(1)(B).

Defendant has failed to show "excusable neglect."  The mere assertion of excusable neglect

**Plaintiff's Response to Motion for Leave to File**
**Response to Motion to Vacate and Brief in Support**                                                    **Page  2**
102520.1

unsupported by facts has been held to be insufficient.  *See Beaufort Concrete Co. v. Atlantic States Constr. Co.*, 352 F.2d 460, 462-63 (5th Cir. 1965), *cert. denied*, 384 U.S. 1004 (1966)(not abuse of discretion to exclude affidavits where no explanation for late filing).

Courts have repeatedly found simple inadvertence or mistake regarding the content of the rules or lack of familiarity with them is insufficient to make a showing of excusable neglect.  In *Midwest Employers Casualty Company v. Williams*, 161 F.3d 877 (5th Cir. 1998), the Fifth Circuit found that counsel's mistaken belief that Rule 6(e) provided three additional days to file a Notice of Appeal did not constitute "excusable neglect" warranting extension of time for filing. *Id.,*(finding magistrate's order extending time was abuse of discretion despite finding of no undue prejudice).

Although the *Midwest Employers* decision is likely dispositive of the issue as binding authority showing it would be an abuse of discretion to grant leave in this case, it should be noted that numerous other courts have come to the same conclusion.  *See, e.g., Marane, Inc. v. McDonald's Corp,* 755 F.2d 106, 111 (7th Cir. 1985) (no "member of the bar should be able to plead unfamiliarity with the Federal Rules of Civil Procedure in excuse for his or her tardiness"); *Driver v. Gendy Mfg. Corp.*, 24 F.R.D. 473, 475 (D.C. P.A. 1959)("It is well settled that inadvertence or oversight of the provisions of the federal rules or unfamiliarity with them do not afford an adequate basis for the exercise of legal discretion"); *Halicki v. Louisiana Casino Cruises, Inc.,* 151 F.3d 465, 470 (5th Cir. 1998), *cert. denied*, 526 U.S. 1005 (1999) (district court upheld in finding insufficient cause when attorney mistakenly believed Rule 6(e) applied to motion to alter or amend judgment, noting the rule was unambiguous);  *Texas Housing Agency v. Verex Assurance, Inc.*, 176 F.R.D. 534 (D.C. Tex. 1998) (denying leave to file application for attorney's fees with brief where 14 day deadline was

**Plaintiff's Response to Motion for Leave to File**
**Response to Motion to Vacate and Brief in Support**                                                      **Page  3**
102520.1

missed, noting "inadvertance, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect").

At least one of the cases cited by Nordstrom in its motion also illustrates that courts use a high threshold for "excusable neglect." In *Rodgers v. Hartford Life and Accident Insurance Co.,* 167 F.3d 933, 938-39 (5th Cir. 1999), the court determined that where service of process was adequately served on the claims department, that the defendant failed to show excusable neglect where it failed to implement follow up procedures to insure delivery when items were lost in the mail when sent to another internal division responsible for filing an answer.

Simply stated, Defendant's decision to affirmatively invoke the federal rules by removing the case to federal court must surely impose a responsibility upon Defendant to research when their response would be due.  Failure to crack open a rule book and look is not "excusable neglect" under the case law, and their Motion for Leave should be denied.

_____IV.

## Lack of Meritorious Defense

Defendant erroneously mischararacterizes Plaintiff's underlying Motion as one principally based on manifest disregard of the law.  Although such a contention is brought, both under a non-statutory (which has now been overruled by the Fifth Circuit) and as a statutory basis for overturning an arbitration award (which the Fifth Circuit deferred ruling on), the principal thrust of Plaintiff's Motion relies on the statutory grounds of bias and corruption on the part of the arbitrator in this case. Defendant has advanced no substantive response to this argument.  Defendant does not provide any explanation justifying Harmon's perjurious disclosures.  Nor do they offer any meaningful rebuttal

**Plaintiff's Response to Motion for Leave to File**
**Response to Motion to Vacate and Brief in Support**                                          **Page  4**
102520.1

of Dr. Colvin's damning statistical evidence demonstrating systematic bias on the part of AAA Arbitrators, or that prior history or "repeat business" affiliations by arbitrators are statistically significant in predicting the outcome of a particular case.  Since Defendant fails to offer a meritorious defense, allowing them to file their response would simply delay the inevitable and legally required vacatur of the award.

V.

### Beyond Professional Courtesy

Finally, the Court should take Nordstrom's request for leniency in this matter in context to the reasons why it justifies its termination of Ameser in this case.  Nordstrom essentially claims it was justified in terminating Ameser because he was approximately one hour late to work due to oversleeping after taking medication for his migraines (although admittedly he failed to report the connection to his migraines when he reported to work), and because he left approximately one hour early from work due to a reported migraine and, according to Nordstrom, was not sufficiently polite in explaining he had a migraine onset, and then failed to remain on duty when his supervisor protested his departure.  Nordstrom has mercilessly attacked Ameser for these alleged oversights in the exercise of his federal rights during the course of the underlying proceeding, and this assault continues in its proposed Response with renewed attacks on his integrity.  Six days is, of course, far longer than two hours.

Nor is Nordstrom particularly innocent in this matter regarding the reason Ameser found himself in arbitration.  Even before the publication of Dr. Colvin's report, members of the bar have long suspected that employment arbitrations are stacked against the employee.  One may surmise the

**Plaintiff's Response to Motion for Leave to File**
**Response to Motion to Vacate and Brief in Support**                                        **Page  5**
102520.1

unrebutted elephant in the room is that Nordstrom went to the trouble of inserting a mandatory arbitration provision in its Employee Handbook precisely because it believed the lure of repeat business, the numerous strikes allowed by the AAA, the secrecy of AAA proceedings, and the limited right of appeal regarding arbitration decisions would combine to position it in a forum that would substantially limit the ability of its employees to assert their federal rights.  Indeed, in this context, Nordstrom's counsel was given at least as fair a disclosure of the consequences of removing the action to federal court as Ameser was given of the consequences of an arbitration provision slipped into his handbook.

Under these circumstances, it should be understandable why Ameser is less than forthcoming in refusing to grant leniency either to Nordstrom or its "attack dog" counsel when they have filed their response nearly a week late.  Having shown so little mercy, the Court should respect Ameser's request to enforce the Federal Rules in the situation, deny leave to amend, and enter judgment vacating the arbitration award so that Ameser may proceed with his claims before a fair tribunal.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays the Court deny Defendant's Motion for Leave, enter Default, and proceed to enter Judgment Vacating the Arbitration Award and direct this matter in a manner consist with the relief requested in Plaintiff's Motion to Vacate.

**Plaintiff's Response to Motion for Leave to File**
**Response to Motion to Vacate and Brief in Support**                                                        **Page  6**
102520.1

Respectfully submitted,

KILGORE & KILGORE, PLLC


By:  /s/ John H. Crouch

  THEODORE C. ANDERSON
  State Bar No. 01215700
  JOHN H. CROUCH, IV
  State Bar No. 00783906

3109 Carlisle, Suite 200
Dallas, TX  75204
(214) 969-9099 - Telephone
(214) 953-0133 - Fax

ATTORNEYS FOR PLAINTIFF
JOHN AMESER


**Certificate of Service**

     I hereby certify that on March 26, 2009,  I electronically filed the foregoing  document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system should automatically send a "Notice of Electronic Filing" to the following listed attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.  Such attorney(s) may also be served via any additional means listed below.

Jay Wallace                    **Via electronic service**
8080 N. Central Expressway
Suite 1300, L.B. 50
Dallas, Texas    75206-1838

                            /s/ John H. Crouch IV
                         John H. Crouch

**Plaintiff's Response to Motion for Leave to File**
**Response to Motion to Vacate and Brief in Support**                   **Page  7**
102520.1