**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JOHN AMESER** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:09cv0395G** |
| | ) | |
| **NORDSTROM, INC.** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR LEAVE TO FILE RESPONSE TO PLAINTIFF'S
MOTION TO VACATE ARBITRATION AWARD**

COMES NOW, Defendant Nordstrom, Inc. ("Nordstrom") and files its Reply to Plaintiff's Response to Defendant's Motion for Leave to File Response to Plaintiff's Motion to Vacate Arbitration Award and would respectfully show the Court as follows:

**I.
EXCUSABLE NEGLECT**

Plaintiff accurately states that Rule 6(b)(1)(B) governs a motion for leave to file after the time period for a specified action has expired. FED.R.CIV.P. 61(1)(B). However, Plaintiff conveniently omits from his response the core principle of the "excusable neglect" standard;

> "the [excusable neglect] determination is at bottom an equitable one, taking account all of the relevant circumstances… These include … the danger of prejudice …, the length of the delay and its potential impact on judicial proceedings, the reason for the delay…, and whether the movant acted in good faith."

*Midwest Employers Casualty Co. v. Williams*, 161 F.3d 877, 879 (5th Cir. 1998). Nordstrom addressed all of these factors in its Motion for Leave to File, but will summarize them here; (1) as all of the relevant evidence in this case is already contained in the arbitration record, and even assuming Plaintiff is correct (which he is not) a six day delay presents no danger of prejudice to

Plaintiff's claims; (2) the delay was brief and Plaintiff has presented no argument or evidence that such a delay will have any impact whatsoever on the judicial proceedings; (3) even assuming Plaintiff's argument is correct, the delay was the result of a simple mistake on the part of counsel for Nordstrom; (4) Nordstrom was diligent in their attempt to comply with the Rules and acted quickly upon learning of Plaintiff's request for default. While Plaintiff would have the court believe that *Midwest Employers* stands for the proposition that a mistake or misunderstanding can never constitute excusable neglect, this is an inaccurate interpretation. The court merely found, after applying the appropriate four factor test, that an extended time period was inappropriate in that particular case.

Further, *Midwest Employers*, as with all of the "excusable neglect" case law cited by Plaintiff, is distinguishable in a critical respect. With one exception – *Driver v. Gindy Mfg. Corp.*, 24 F.R.D. 473 (E.D. Pa. 1959) –  the cases cited by Plaintiff all deal with situations where the movant is seeking, post-judgment, to either alter the judgment or *obtain a new trial*. Here, the circumstances are just the opposite. Nordstrom is merely seeking to respond to Plaintiff's unmeritorious Motion and bring closure to a case that has already been heavily litigated to a final judgment.

When denying a motion for leave to file would be tantamount to a default judgment, Courts must consider the "federal courts' strong preference for resolving disputes on the merits when possible, instead of determining the outcome solely on technical or procedural grounds." *Blake v. Peake*, 2008 WL 5114655, *3 (S.D. Tex. 2008). In these situations, this "strong preference" is a compelling reason to grant a time extension even where the delay was the result of mere carelessness. *Id* at *2 (citing *Dillard v. Fieldcrest Cannon Inc.*, 7 F.3d 223 (4th Cir.

1993)).  Denying Nordstrom an opportunity to respond to Plaintiff's Motion would effectively preclude the Court from resolving this dispute on its merits. As such, leave to file is appropriate.

## II.
## LEGAL INSUFFICIENCY

In the unlikely event this Court denies Nordstrom's Motion for Leave to File, the Plaintiff's Motion to Vacate Arbitration Award nevertheless must fail. Plaintiff's Motion seeks to have the results of a binding arbitration overturned on several grounds, none of which are valid grounds for vacatur. Plaintiff asserts the "principal thrust" of his Motion relies on the "statutory grounds of bias and corruption on the part of the arbitrator." In this regard, Plaintiff asserts the Arbitrator was biased because: 1) Nordstrom had previously arbitrated with her; 2) the Arbitrator suffered from migraines; and 3) the Arbitrator failed to swear herself in at the beginning of the arbitration hearing.  Plaintiff further asserts as a basis for his Motion to Vacate that arbitrations are simply unfair to Plaintiffs in employment cases and, further, that he would *never* have agreed to an Arbitrator who had previously ruled for an employer.  However, that Plaintiff was unable to pre-select an Arbitrator who had universally ruled for Plaintiffs in employment arbitrations does not equate to corruption or bias on the part of the Arbitrator.

Moreover, the following undisputed facts are clear from the face of Plaintiff's Motion:

(1)     Plaintiff initiated his claim as an arbitration (i.e. this suit was not compelled to arbitration by Nordstrom);

(2)     Plaintiff agreed to the Arbitrator;

(3)     Plaintiff, at the beginning of the litigation, was made aware counsel for Nordstrom had previously arbitrated with the Arbitrator; and

(4)     the Arbitrator fully disclosed, again very early in the litigation, her history of migraines and Plaintiff likewise did not object.

As such, Plaintiff cannot satisfy the tremendous burden he must meet in order to overturn an arbitration award as set out in the relevant Fifth Circuit case law.

Regarding Plaintiff's assertion that Nordstrom offered no "meaningful rebuttal of Dr. Colvin's damning statistical evidence demonstrating systematic bias on the part of AAA arbitrators," Nordstrom did offer such rebuttal and will repeat it here:  Plaintiff would have this Court render federal case law, not to mention the Federal Arbitration Act, inapplicable to all employment disputes based on a *single academic study*. There is no need to further elaborate on the legal infirmities of such an argument.

In sum, Plaintiff's Motion to Vacate *on its face* clearly fails to meet the extremely stringent standards the Fifth Circuit has established for vacating arbitration awards.  Thus, even in the unlikely event the Court does not grant Nordstrom leave to file a response, Plaintiff's Motion to Vacate must nevertheless be denied.

### III.
### "BEYOND PROFESSIONAL COURTESY"

Nordstrom believes it is unfortunate Plaintiff has resorted to personal attacks on counsel for Nordstrom.  Nordstrom will not respond in kind, but will simply state as follows.  First, if pointing out to the Arbitrator and this Court Plaintiff's history of unprofessional conduct, including falsifying FMLA forms and shouting profanities at managers, constitutes "attack dog" tactics, then Nordstrom's counsel are content to go down in legal history as pit bulls.  Second, Nordstrom will illustrate to the Court counsel for Plaintiff's views concerning arbitration, consistent with the basic premise of his Motion to Vacate here:  as evidenced by **N.Reply 001 - 002** attached hereto, Plaintiff's counsel clearly holds the belief that: 1) employment claims should not be subject to arbitration; and 2) any time Plaintiff's counsel loses an arbitration, he

will appeal it as unfair.  While Plaintiff's counsel is certainly entitled to his views on arbitration, the FAA and the controlling case law in the Fifth Circuit both hold the exact opposite with respect to the sanctity of arbitration awards.

WHEREFORE, premises considered, Defendant Nordstrom, Inc. asks that Plaintiff's Request for Entry of Default be denied and the Court grant leave to consider Nordstrom's Response to Plaintiff's Motion to Vacate Arbitration Award.

Respectfully submitted,

**GIBSON, McCLURE,**
      **WALLACE & DANIELS, L.L.P.**

By:        /s/ Jay M. Wallace
          Jay M. Wallace
          State Bar No. 20769200
          Michael L. Baum
          State Bar No. 24006815
8080 N. Central Expressway
Suite 1300, L.B. 50
Dallas, Texas 75206-1838
Tel: 214/891-8040
Fax: 214/891-8019
***Counsel for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on **April 1, 2009**, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, Dallas Division using the electronic case filing system of the Court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

W. D. Masterson
Theodore C. Anderson
John H. Crouch, IV
KILGORE & KILGORE, PLLC
3109 Carlisle, Suite 200
Dallas, Texas  75204

          /s/ Jay M. Wallace
          Jay M. Wallace