# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
March 2, 2010

No. 09-10424

Charles R. Fulbruge III
Clerk

JOHN AMESER,

Plaintiff - Appellant

v.

NORDSTROM INC,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
(09-CV-395)

Before STEWART, DENNIS, and HAYNES, Circuit Judges.

CARL E. STEWART, Circuit Judge:[*]

John Ameser brought an arbitration claim alleging that Nordstrom, Inc. fired him from his job in violation of the Family and Medical Leave Act (FMLA), Age Discrimination in Employment Act (ADEA), Americans with Disabilities Act (ADA), and Title VII, and the arbitrator ruled in favor of Nordstrom on all counts. Ameser then filed a Motion to Vacate the arbitration decision in Texas state court. Nordstrom removed to federal court. The district court then entered

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

an order denying all motions pending prior to removal, subject to refiling. Ameser timely appealed. We conclude that the district court did not enter a final, appealable order and we therefore dismiss for lack of appellate jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Beginning in April 2001, Nordstrom employed Ameser full-time as a salesperson at its department store in Frisco, Texas. Ameser was fired by Nordstrom on July 23, 2007. Soon thereafter, Ameser presented an arbitration claim to the American Arbitration Association (AAA) pursuant to the mandatory Dispute Resolution Program incorporated in his pre-employment agreement with Nordstrom. He alleged that Nordstrom wrongfully fired him in violation of the FMLA, the ADA, the ADEA, Title VII, and 42 U.S.C. § 1981.

AAA chose Melva Harmon to act as arbitrator in the matter. Harmon's initial disclosures revealed no conflicts of interest or prior dealings with the parties. However, Nordstrom's counsel notified the AAA that he had previously arbitrated a matter before Harmon. In response, Ameser's counsel requested additional information concerning the prior representation and reserved the right to object to Harmon's appointment pending receipt of the information. Nordstrom objected to production of the information, and the information was never formally provided by the AAA. Ameser stood on the reservation of rights in his letter, but did not formally object to Harmon's selection.

Harmon conducted a two-day hearing and issued an award on November 3, 2008, finding in favor of Nordstrom on every claim.

On February 2, 2009, Ameser filed in Texas state court a Motion to Vacate the arbitration award against him on numerous grounds, including bias on the part of the arbitrator. Before filing a response to the Motion to Vacate in state court, Nordstrom removed the case to federal court. Ameser then filed a Request for Entry of Default with the clerk of the district court on the grounds that Nordstrom had not timely responded to the Motion to Vacate. The clerk declined

to enter a default, and referred the matter to the judge. Upon being advised it had failed to timely answer, Nordstrom sought leave of court to file a response to the Motion to Vacate. On April 1, 2009, the district court entered an order denying as moot Nordstrom's Motion for Leave to File a Response to Ameser's Motion to Vacate. The district court then entered an order on April 6, 2009, which stated in its entirety:

> On March 3, 2009, this case was removed from the 134th Judicial District Court, Dallas County, Texas. All motions pending prior to that removal are hereby DENIED subject to refiling in this court.
> SO ORDERED.

The order included by its terms the Motion to Vacate. At that time, the three-month period for filing a motion to vacate an arbitration award had expired pursuant to 9 U.S.C. § 12.

## II. DISCUSSION

Ameser appeals on the grounds that the district court erred in denying his Motion to Vacate the arbitration award, and erred by refusing to grant the Motion for Default Judgment. But "before addressing the merits of this case, we must first examine our appellate jurisdiction." *In re Pratt*, 524 F.3d 580, 584 (5th Cir. 2008).

A. <u>Motion to Vacate</u>

Ameser claims that the April 6 order is an appealable final judgment with respect to an arbitration under 9 U.S.C. § 16(a)(3) because the order disposed of all issues in an independent action to enforce rights under the Federal Arbitration Act (FAA). He notes that despite the "subject to refiling" language in the order, the three-month period for filing a motion to vacate had expired at the time of the order and it is unclear whether a re-filed motion to vacate would comply with the statute of limitations. He further argues that the district court gave no indication of what defects might be present in the existing pleading, nor provided a time frame for refiling. Ameser also characterizes the order as the

denial of a petition under § 4 of the FAA that would provide jurisdiction under 9 U.S.C. § 16(a)(1)(b).

Nordstrom avers that this court lacks appellate jurisdiction because the April 6 order merely required Ameser to refile his claims, and was neither a denial of a petition for purposes of 9 U.S.C. § 16(a)(1)(B) nor a final judgment under 9 U.S.C. § 16(a)(3). Nordstrom characterizes the order as simply requiring Ameser to refile his Motion to Vacate under Federal Rule of Civil Procedure 81(c)(2).[1] According to Nordstrom, the refiled Motion to Vacate ordered by the court would relate back to the time the original Motion to Vacate was filed pursuant to Rule 15(c)(1)(B).[2]

1. *Denial of a Section 4 Petition*

The FAA provides that "an appeal may be taken from . . . an order . . . denying a petition under section 4 of this title to order arbitration to proceed . . . ." 9 U.S.C. § 16(a)(1)(b). Section 4, in turn, provides:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28 . . . for an order directing that such arbitration proceed in the manner provided for in such agreement. . . If no jury trial be demanded by the party

---

[1] (c) Removed Actions.
    (1) Applicability. These rules apply to a civil action after it is removed from a state court.
    (2) Further Pleading. After removal, repleading is unnecessary unless the court orders it . . . .
Fed. R. Civ. P. 81(c).

[2] (c) Relation Back of Amendments.
    (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
       . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading . . . .
Fed. R. Civ. P. 15(c)(1)(B).

alleged to be in default . . . the court shall hear and determine such issue.

9 U.S.C. § 4.

Section 16(a)(1)(b) typically applies to denials of motions to compel arbitration. *See, e.g., Agere Sys., Inc. v. Samsung Elec. Co.*, 560 F.3d 337 (5th Cir. 2009); *Eman-Henshaw v. Park Plaza Hosp.*, 129 F.3d 610 (5th Cir. 1997). Although Ameser does seek a new arbitration in his Motion to Vacate, that request for relief alone does not place his motion within the jurisdictional parameters of § 16(a)(1)(b). In support of his § 16(a)(1)(b) jurisdictional argument, Ameser cites only *Republic Insurance Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 344 (5th Cir. 2004). In *Republic*, a party to litigation proceeded through the pre-trial process and asserted the right to arbitration just days before trial; the district court concluded that the party had waived its right to arbitrate. *Id.* Here, in stark contrast to *Republic*, Nordstrom and Ameser have already arbitrated the claim at issue.

Ameser additionally argues that under § 16(a)(1)(b) Nordstrom has refused to arbitrate *under the terms* of the written arbitration agreement, as required by § 4. Ameser asserts that Harmon did not "disclose any information that may . . . create an appearance of bias" as required by the Nordstrom Dispute Resolution Program arbitration agreement, and therefore the arbitration did not "proceed in the manner provided for in [the] agreement." But Nordstrom never refused an arbitrator that satisfied the requirements of the agreement; at the time of the arbitration Ameser did not formally object to Harmon or request a different arbitrator—it is only post-decision that Ameser has objected.

2. *Final Decision with Respect to an Arbitration*

The FAA additionally provides that "[a]n appeal may be taken from . . . a final decision with respect to an arbitration that is subject to this title." 9 U.S.C. § 16(a)(3). The term "final decision" has a "well-developed and longstanding

meaning. It is a decision that 'ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment.'" *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 86 (2000) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). "Because the FAA does not define 'a final decision with respect to an arbitration' or otherwise suggest that the ordinary meaning of 'final decision' should not apply," the Supreme Court accords the term its well-established meaning. *Id.* (citing *Evans v. United States*, 504 U.S. 255, 259-60 (1992)).

This court has not previously addressed a "final decision" determination in the § 16(a)(3) context, but *Green Tree's* reliance on its well-established meaning suggests that discussions of what constitutes a final decision for purposes of appellate jurisdiction under 28 U.S.C. § 1291 are instructive. *See id.* Under § 1291, however, this court's determination of its jurisdiction over a dismissal or denial without prejudice to refile varies depending on the circumstances of each case. *See, e.g., Exxon Mobil Corp. v. Turner Indus. Group, LLC*, 339 F. App'x 441, 443 (5th Cir. 2009) (unpublished) (exerting appellate jurisdiction over Rule 12(b)(6) dismissal without prejudice of a declaratory action); *Telles v. City of El Paso*, 164 F. App'x 492, 495 (5th Cir. 2006) (unpublished) (no appellate jurisdiction over denial of a motion without prejudice to refile, where district court did not reach the merits of the motion or dispose of any substantive issues). Each case requires an examination of the finality of the underlying order.

Ameser asserts that the district court's denial was a final judgment because any "refiling" would be futile as barred by the statute of limitations, correctly noting that it is uncertain whether a refiled Motion to Vacate would comply with Rule 15 or would be time-barred. Although Ameser cites cases for the premise that courts have been unforgiving of any failure to timely make a Motion to Vacate, none deal with an Amended Motion to Vacate where the initial

Motion to Vacate was timely filed. *See Pfannenstiel v. Merrill Lynch*, 477 F.3d 1155, 1158 (10th Cir. 2007) (failure to file within three months waived judicial review, and loss of evidence did not toll deadline); *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986) (due diligence and tolling arguments were "questionable," and party could not extend the deadline by filing a late motion to vacate in response to a motion to confirm arbitration award); *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 174 (2d Cir. 1984) (no common law exceptions to deadline, and motion to confirm did not extend deadline). At least one court has held that an amended motion to vacate an arbitration may in some instances relate back under Rule 15, but we decline to decide the Rule 15 question at this time. *See Bonar v. Dean Witter Reynolds, Inc.*, 835 F.2d 1378, 1381-82 (11th Cir. 1988) (resolving that "an amended motion to vacate an arbitration award, filed outside of the three month period and raising additional grounds for vacation, is deemed timely if the original motion to vacate was timely"). The speculative nature of Ameser's arguments underscore that the district court has not yet had the opportunity to rule on this issue. Remand is therefore appropriate, so that Ameser may file an Amended Motion to Vacate and the district court will have an opportunity to rule on whether the amended motion relates back under Rule 15.

The district court's April 6 order gives us very little help in evaluating its finality, and we appreciate that in an abundance of caution Ameser appealed the order to preserve error.[3] We conclude, however, that the order did not constitute a final decision, and this court therefore lacks jurisdiction over the appeal. The district court's order, denying Ameser's claims without prejudice to refile, did not conclusively adjudicate the substance of Ameser's claims and did not preclude further litigation of those issues in district court. *See Cohen v. Beneficial Indus.*

---

[3] In the usual case, denying all motions pending prior to removal would not finally determine the case on its merits, thus it is unlikely that the judge intended to do so.

*Loan Corp.*, 337 U.S. 541, 546 (1949) (stating that "as long as the matter remains open, unfinished or inconclusive," the appellate court is without the power of review). Thus, the order is not a final judgment because all relief was not denied.

### B. Motion for Default

The law of this circuit clearly establishes that a district court's order denying a motion for default judgment is not an appealable final order. *Adult Film Ass'n, Inc. v. Thetford*, 776 F.2d 113, 115 (5th Cir. 1985) ("We find that the district court's order denying a default judgment under Fed. R. Civ. P. 55(b)(2) is not an appealable final order within the meaning of 28 U.S.C. § 1291."). Therefore, we lack appellate jurisdiction to review the April 1 order denying default judgment.

### III. CONCLUSION

We conclude that we lack appellate jurisdiction and we DISMISS the appeal. Ameser may return to district court to refile his claims.

A true copy     24 MAR 2010
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit
By _____
Deputy
New Orleans, Louisiana

# United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**CHARLES R. FULBRUGE III**
**CLERK**

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

March 24, 2010

Ms. Karen S. Mitchell
Northern District of Texas, Dallas
United States District Court
1100 Commerce Street
Earle Cabell Federal Building
Room 1452
Dallas, TX 75242



RECEIVED
BY _____
MAR 26 2010
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

    No. 09-10424,  John Ameser v. Nordstrom Inc
        USDC No. 3:09-CV-395

Enclosed, for the Northern District of Texas, Dallas only, is a copy of the judgment issued as the mandate.

The electronic copy of the record has been recycled.

                        CHARLES R. FULBRUGE III, Clerk

                        *Madeline Chigoy*
          By: _____
          Madeline K. Chigoy, Deputy Clerk
          504-310-7691

cc: (letter only)
    Mr. Michael L. Baum
    Mr. John Henry Crouch IV
    Honorable A. Joe Fish
    Mr. Jay Marshall Wallace

P.S. to Judge Fish:  A copy of the opinion was sent to your office via email the day it was filed.

MDT-1