UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN AMESER, )<br>)<br>Plaintiff, )<br>) | CIVIL ACTION NO.<br>3:09-CV-0395-G |
| VS. )<br>) | |
| NORDSTROM, INC., )<br>)<br>Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the second amended motion of the plaintiff John Ameser ("Ameser") to vacate an arbitration award. For the reasons stated below, the motion is denied.

### I. BACKGROUND

Ameser, formerly employed by the defendant Nordstrom, Inc. ("Nordstrom"), alleges that Nordstrom wrongfully terminated his employment. Pursuant to a portion of Nordstrom's benefit plan known as the Dispute Resolution Program, Ameser filed a Statement of Claim in Arbitration with the American Arbitration Association

("AAA"). Plaintiff's Second Amended Motion to Vacate Arbitration Award ("Motion") at 6.

The AAA chose Melva Harmon ("Harmon") to arbitrate the dispute. *Id*. On September 16 and 17, 2008, the parties participated in an arbitration governed by AAA rules. Motion at 1, 5, 8; Defendant Nordstrom, Inc.'s Response to Plaintiff's Second Amended Motion to Vacate Arbitration Award ("Response") at 1-2. On November 3, 2008, Harmon issued an "Award in the form of Findings of Fact and Conclusions of Law" ("award") in which she ruled in favor of Nordstrom on each of Ameser's claims and found that Nordstrom had terminated Ameser's employment for legitimate, nondiscriminatory reasons. Motion at 8, Response at 2.

On February 2, 2009, Ameser filed a motion to vacate arbitration award in the 134th Judicial District Court, Dallas County, Texas. *Id*. A hearing in that court on the motion was set for April 21, 2009. On March 3, 2009, Nordstrom removed this case on the basis of federal question jurisdiction. Defendant's Notice of Removal at 2. By order of this court on April 6, 2009, all motions pending prior to that removal were denied subject to refiling in this court. On April 20, 2009, Ameser appealed that ruling to the Fifth Circuit Court of Appeals. On March 25, 2010, Ameser filed the instant second amended motion to vacate arbitration award. Ameser moves to dismiss the award on the following grounds: Harmon's evident partiality, Harmon exceeded her powers under the Dispute Resolution Program, Harmon misbehaved,

and the award was obtained by undue means and violates public policy of enforcing employment discrimination laws.  Motion at 11- 25.  On March 25, 2010, Nordstrom responded to the motion.  On March 26, 2010, the Circuit Court denied Ameser's appeal for lack of jurisdiction.

## II.  ANALYSIS

Congress has provided by statute the only grounds for vacating or modifying an arbitration award.  According to 9 U.S.C. § 10(a), a district court may vacate an arbitration award in any of the following cases:

>     (1)     where the award was procured by corruption, fraud, or undue means;
>
>     (2)     where there was evident partiality or corruption in the arbitrators, or either of them;
>
>     (3)     where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
>     (4)     where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

Additionally, 9 U.S.C. § 11 provides that a district court may modify or correct an arbitration award in the following cases:

(a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

(b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.

(c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

The standard of review regarding an arbitration award is a deferential one. Judicial review of an arbitration award is extraordinarily limited. *Anderman/Smith Operating Co. v. Tennessee Gas Pipeline Co.*, 918 F.2d 1215, 1218 (5th Cir. 1990), *cert. denied*, 501 U.S. 1206 (1991); *Antwine v. Prudential Bache Securities, Inc.*, 899 F.2d 410, 413 (5th Cir. 1990). "The statutory bases for overturning an arbitral tribunal are precisely and narrowly drawn to prohibit . . . complete *de novo* review of the substance of the award." *Legion Insurance Company v. Insurance General Agency, Inc.*, 822 F.2d 541, 543 (5th Cir. 1987); see also *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581(2008) (holding that the statutory bases for vacatur under the FAA are exclusive).

The court may vacate an arbitration award under Section 10 of the Federal Arbitration Act ("FAA") if the award exceeds the scope of the arbitrator's powers. 9 U.S.C. § 10(a)(4); *Valentine Sugars*, 981 F.2d at 213. However, in determining

whether the arbitrator exceeded his jurisdiction, all doubts are resolved in favor of arbitration.  *Valentine Sugars*, 981 F.2d at 213 (citing *Moses H. Cone Memorial Hospital v. Mercury Construction*, 460 U.S. 1, 24-25 (1983)).  The arbitrator's authority springs from the arbitration agreement; therefore, the court must look at the terms of the agreement to determine the authority conferred upon the arbitration panel.  *Totem Marine Tug & Barge, Inc. v. North American Towing, Inc.*, 607 F.2d 649, 651 (5th Cir. 1979) (citing *United Steel Workers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960), and *Gulf and South America Steamship Co., Inc. v. National Maritime Union of America*, 360 F.2d 63, 65 (5th Cir. 1966)).  Furthermore, arbitrators need not provide reasons for their award.  *Valentine Sugars, Inc. v. Donau Corporation*, 981 F.2d 210, 214 (5th Cir.) (citing *Antwine*, 899 F.2d at 412), *cert. denied*, 509 U.S. 923 (1993).  If the award is rationally inferable from the facts before the arbitrator, the court must affirm the award.  *Id*. (citing *Anderman/Smith*, 918 F.2d at 1218).

The court may also vacate an award in arbitration under Section 10 of the FAA if the award shows a "manifest disregard for the law."  *Brabham v. A.G. Edwards & Sons Inc.*, 376 F.3d 377, 381 (2004).  The arbitrator has manifestly disregarded the law when he has disregarded well established law that is explicit and clearly applicable to the case but decided "to ignore or pay no attention to it."  *Id*. at 381-82 (2004).

Ameser has alleged but not provided sufficient evidence that the arbitrator was partial, exceeded her powers, demonstrated a manifest disregard for the law, or that the award was obtained by undue means to warrant vacatur of the award under Section 10 of the FAA. Furthermore, the court finds that the award does not violate public policy.

### III. CONCLUSION

For the reasons stated, the motion is **DENIED**.

**SO ORDERED**.

March 14, 2011.

_____
**A. JOE FISH**
**Senior United States District Judge**